Case 16-3325 U.S.A. v. Demond Baker Oral argument not to exceed 15 minutes per side And Mr. McGraw for the appellant Good morning your honors, Brian McGraw on behalf of appellant Demond Baker I'm requesting 5 minutes of rebuttal time That's fine, please proceed Your honor, this case really addresses the issue of The impact of a proffer statement being read by the trial judge As he decides what to do with sentencing This case started with a plea agreement A plea in a drug conspiracy case Mr. Baker's negotiations with the United States Attorney's Office Resulted in a plea agreement in which there was a recommendation to the judge That the appropriate amount of drugs to be attributed to Mr. Baker Was between 100 and 200 grams Setting the base offense level at 16 At his first sentencing hearing I guess I would refer to it as a collection of mistakes Or a comedy of errors Some of which I would attribute to myself The person who wrote the important parts of the Pre-sentence report wasn't in the courtroom The United States Attorney who had handled the case wasn't in the courtroom There was a paragraph in the pre-sentence report That referenced behavior from my client The conspiracy was alleged to have occurred between 2010 and 2015 There was a paragraph in the pre-sentence report, paragraph 6 That talked about criminal conduct by my client in 2013 I had not seen it in advance The pre-trial services officer really had a hard time explaining where the information came from And ultimately that information seemed to be discarded along the way And then the other thing that happened was that the pre-trial services report Talked about less than 50 grams when it was a 100 to 200 gram case And my suspicion is that, and I don't know this, but my suspicion is that The trial judge was initially bothered by seeing that number 50 Those things happened at the beginning The judge was not inclined to honor the recommendations in the plea agreement We moved on to later hearings And in the interim the judge ordered up proffers from several people Including the defendant, DeMond Baker Mr. McGraw, let me see if I can focus us a little bit here Just because we have the limited time available this morning I understand you're suspicious about the judge having used what was in your client's proffer And I think we all understand the basis of that suspicion It seems to me that had he sentenced your client based upon proffers That that suspicion would be more justified But in this case, ultimately, for whatever reason He chose to use money as a proxy for drug quantity, correct? Well, he took a comment in a wiretap in which my client I know, we're going to get to that My point is, the basis of the calculation was money We'll get to how he got to that in a minute Money, drug table, drug quantity, right? That is a part of what he said after he said that he wasn't going to consider the proffer of my client Now, there's no legal question about his right or ability to use money Obtained from drug or illegal activities And then you calculate your drug quantity from that Theoretically, you can do that, right? If there's sufficiently reliable information So then the question becomes Was the so-called 12-5, whatever that meant Supported by sufficient evidence That's really what that comes down to, right? In the area of discussing the money, that is correct And I'm asking you these questions because The judge said on several occasions That whether you believe him or not That he wasn't going to use your client's proffer Can I refer you to something the judge said in the in-chambers conversation? It's just a couple of sentences Not if it's not in the record No, it's in the record This is in the record He said, I understand the point that you can't use Baker's proffer against him But as a factual background We know he was involved with huge quantities I mean, we know that It's not something that we're kind of surmising or something You know from his proffer, he admits it I think it's clear that no matter how many times The judge says he's not using it And it's mentioned in the brief You can't unring the bell here The judge knows what Mr. Baker said in his proffer And he seems to know that he's not supposed to have it But he ordered it anyway Well, let's assume that that's all true If the drug quantity that he used is corroborated by the money That was found or seized Then doesn't that actually cure the problem? Assuming there's a sufficient basis in the money calculation I don't think it cures it, Your Honor Because I think Why? It speaks for itself It is what it is I think there's sufficient indication If you think in terms of a fair and just sentence And the 3553 factors That the judge is clearly impacted by what he's read in Baker's proffer Let's assume that he is Then he's in possession of information that impacts his sentence And he's making a sentencing decision Based on information that he shouldn't have We are oftentimes in possession of information That we ultimately either don't or are not allowed to use in sentencing Matter of fact, we're supposed to specifically say If we read something that's contested And you file an objection over it And we're not going to then use it in sentencing Basically, if you declare that Then we trust judges to do what they say that they did Right? So all I'm trying to do is drill down to this 12-5 Whatever that means Now, at any point Have you ever been provided with the wiretap information That allegedly includes him saying The police missed 12-5 or 12,500? I believe the language was 12-5 It's paraphrased in at least two if not more ways In the pleadings that we have So ignoring which it was 12-5, 12.5, 12,500 Those are all things that we see in these various briefs Has the government ever come forward with that wiretap? Yes You've seen it? Yes Does it say? So what does it say? It uses the phrase that they missed 12-5 Okay, so the problem in the briefs About how your client denies having said that Is that now resolved? My client continues to deny that he said that, yes But you've heard it? I understand why the government thinks he said that Okay So is there then substantial evidence To support the inclusion of that money In the calculation? No Why not? Because it's simply You have to take two leaps here One, you have to take the leap that it's referring to The quantity that you think it's referring to And the second, that it's related to drugs And what are the alternative possibilities As to whatever the exact reference was in the wiretap? We listen to wiretaps all the time There are a variety of interpretations that can be made I would say that this is one that is somewhat of a reach Well, we listen to them too But generally in connection with trials When we're played to the jury And they're difficult to understand in many instances And the parties oftentimes have a dispute about what the words Assuming you can understand them, what the words then mean Oftentimes when codes are being used Somebody has to interpret those Oftentimes when quantities are being mentioned Then there's a dispute about Is it ounces? Is it grams? Is it pounds? What do those things mean? So what are the alternative explanations On the face of the wiretap As to what 12-5 would have referred to? Something other than money? Or a different quantity of money? I don't know All right So if we're in agreement That a judge can use money We disagree about whether that will cure any taint From him having heard something in a proffer What are we to do in looking at the exercise Of this judge's discretion in connection then Was this an abuse of discretion To use that method of calculation and include the 12-5? And if so, why? It's my view of the process that the judge engaged in Is that he went to level 26 Based on the information he gleaned From the improper reading of the proffer Of the defendant And then based on that And then acknowledging that he shouldn't have it I think he looked for other justifications To stay close to 26 And that's my interpretation Okay, fair enough Judge Keith, do you have any questions? Judge Batchelder? I have one I guess I would want to know the basis For the defendant's claim That the government should not have Or that the judge should not have had The proffer information My understanding of the guidelines And the commentary is that The judge is entitled to have the information He just can't use it improperly I have a hard time understanding that distinction, Your Honor I mean, just thinking of how The human mind works and how we come to conclusions If the judge has it I'm not sure how he could use it properly Well, let's assume, following up on Judge Batchelder's question That a judge is sentencing two or three members of an alleged conspiracy Which happens, as you know, all the time There isn't any dispute about whether a judge can use A proffer from defendant B and C In connection with defendant A, right? He speaks to it in this in-chambers conversation He has made it clear that he's impressed by it And he's using it Let's go back to the question In a multi-defendant conspiracy Can a judge use the proffers of other defendants In connection with sentencing the defendant in front of them? Yes So, when you and Judge Batchelder are talking about You're being concerned about ever seeing a proffer It's very likely that Or just as likely That Judge Gwynne saw the proffer of your client In connection with sentencing other defendants Is it not? It's possible, yes So, the problem of the purity of the world that you like Is that we just don't live in that world So you're going to see these documents For a legitimate reason And then we don't, in our system Don't we then trust the judge To follow the restrictions on the use of that information? But that's not what happened in this case, Your Honor The judge ordered up the proffer For this defendant, for this case Read it, commented on it And then, I think, recognizing that it was inappropriate I think tried to back away from that But I think there needs to be a fairness to the process That I think didn't happen here All right Judge Batchelder, did that answer your question? Yes, thank you All right, thank you You'll have your rebuttal Mr. Ranke May it please the court Dan Ranke for the government It's the government's position that the district court Properly calculated the drug quantity in this case And disregarded the information in the proffer This is kind of a you-can't-unring-the-bell case, basically So, did the judge order up the proffer From this defendant in connection with this sentencing? He did Should he have done that? We did not think so We still do not think so There's only two judges in the Northern District That follow this, that would ever do this We opposed it at the time There was a separate hearing Where other members of the United States Attorney's Office Came in to discuss whether he should be able to get the proffer We generally don't give it absent a court order But you would have provided it to him Had he been sentencing another defendant And the proffer of this defendant Been relevant to that other defendant's sentencing, right? Yes, under 1B1.8 All right, so you don't agree with the way the judge proceeds either So then the question is Did the use of the monetary calculation Cure any error that might have occurred In ordering up this proffer? We think it did, Your Honor The judge said on the record First of all, he wasn't going to consider the proffer And the judge is presumed to Know the law and apply it And then he had a reasoned basis for Going up to level 24 If he had actually considered the information in the proffer As we pointed out in the brief He would have gone up to level 26 Because the proffer The judge's interpretation of the proffer was That it was over 2 kilograms What he ended up with as an amount Was over 500, but less than a kilogram But I think what Mr. McGraw is suggesting More than suggesting, he's arguing Is that if he hadn't asked for the proffer More likely than not, he would have been satisfied With the plea agreement And he wouldn't have been casting about For a way or a justification For a higher guideline range Well, he wasn't satisfied initially In the first sentencing hearing He expressed I don't know if he didn't believe it But he felt that somehow That the extent and length of the conspiracy That he had to be involved with More than just the 100 to 200 grams That was agreed to in the plea agreement Well, didn't he say that at least part of that reason Was that this defendant's own father Ratted him out? In Emery Lee's proffer Which the court looked at He mentioned that he gave his son I think large quantities of cocaine But he didn't say how much So then the question is What did he mean by large quantities? The quantity that you had agreed to use for sentencing Or a larger quantity? And I guess we don't know the answer to that, do we? We don't But that could have been what tipped the judge off That there was more involved here Yeah, it could have been I mean, there was... He was always skeptical of the amount So did he... Was Judge Gwynne in possession of that information From the father's proffer Before he asked for this defendant's proffer? I don't believe he was So that isn't a justification for asking for this proffer That could just be arguably a cooperation Yes So what do you suggest we're to do with all this? Although ultimately we, in the district court Argued that he shouldn't get the proffer And it's still our position that the judges Really shouldn't get the proffer short of an order In this case, when he said he wasn't going to consider it And then he had a reasoned basis for Getting... Arriving at a level 24 for the offense level Based on the 12-5 That there was no error The 12-5... The judge asked, when the 12-5 came up The judge asked, well, is there any... Was there any... Explanation for where he got that money? The defendant initially said That he had worked as a barber And he had earned that money as a barber The judge then didn't necessarily find that credible At least you can tell from the look at the record And conclude that he didn't find that credible And he asked if there were any documentation To support the source of that money The defendant was unable to come up with any documentation And then the court, at that point, finding that That explanation to be not credible And looked at the context of the communication The timing of the communication And found that... A reasoned basis that the 12-5 was drug proceeds And then did the... Combined it with the $3,186 That was confiscated during the search Was there ever any question throughout this proceeding That 12-5, assuming that was what was said Corresponded to $12,500? When I read the sentencing transcript It seemed like that was understood that it was $12,500 Well that's what's in the PSR, right? Yes And there was no objection to that portion of the PSR? There was an objection to that paragraph generally But I don't believe it was to the amount of the money I believe it was just to the use of that money In the drug conversion So if we go back to the U.S. Attorney In the Northern Division's position That judges shouldn't ask for these proffers And I assume you mean without some... Particularized justification, right? Yes So how do you respond to Judge Batchelder's question about Isn't it true that judges can sort of Look at anything they want to look at They're only circumscribed in how they use the information? That's actually accurate if you look at 1B1.8 It just prohibits the use of the proffer against them It doesn't necessarily prohibit The judge from looking at the proffer But it does prohibit the use And does that distinguish between something that's provided to the court In connection with the sentencing process Like we get a lot of stuff? Or does it also include the judge specifically asking for something That hadn't otherwise been provided? I think it includes both So there's nothing that you can see that restricts a judge from asking For a proffer Although you may think it's a bad idea Because it leads to these sorts of problems Right, exactly It leads to their self-incrimination issues And there's a lot of other issues And when you ask for the proffer Then you have to get into whether things need to be redacted from the proffer Which is why we got to this point Or why we got to that point in the district court Where we were at least initially agreeing That the proffer shouldn't go to the judge You didn't redact this one? We did not Alright, anything else that you wanted to tell us? Briefly, I'd like to just touch on the Substantive reasonableness of the sentence There's an argument that the sentence is Too high based on the factors that Mr. Baker put forth The judge actually considered most of the factors that Baker put forth Remorse, acceptance, cooperation, substance abuse The judge actually considered the co-defendant's sentences And actually national average for sentences For defendants, similarly situated defendants With criminal history category 4 And the court ultimately found that Baker's criminal history Which included drug and firearm offenses Outweighed those factors when it imposed a 50-month sentence Which was actually one month below the guideline ranges calculated by the court So under those circumstances It's the government's position that it was a substantively reasonable sentence I asked Mr. McGraw whether he had subsequently seen the wiretap Which apparently was not made available in discovery And wasn't made available at the time of the sentencing That isn't in the record I'm certainly taking Mr. McGraw's word for it As I would yours To the extent that that becomes relevant to any opinion that we might write What do we do with that in light of the fact that apparently it's not in the record? Well, we could supplement the record if the court wished Also, if you look at the sentencing transcript and the pretrial transcripts I think the court can It's not really disputed It was disputed at one point that Mr. Baker disputed that he even said it But ultimately, it's fairly clear that he said that they missed 12-5 In the context of right after a search So I think that's really not in dispute Judge Batchelder, do you have any questions? I guess I just kind of wonder Even though we're saying it's not in dispute Why isn't it in the record? I don't know why it's not in the record It could have been provided at trial I guess the PSR talk discusses it And at that point, there was no necessary reason to put it in the record Well, the 12-5 is not in the proffer, right? No It's in a wiretap So one arguable reason, I suppose, is that because there wasn't any objection To the reference in the PSR to the information in the wiretap The government wasn't called upon to produce it Unless until it came up in sentencing And then for whatever reason, you or whoever was there didn't have it I think that's correct It wasn't really in dispute until that point At that point, it wasn't readily available at the sentencing Anything else, Judge Batchelder? No, thank you All right, thank you, Mr. Renke Thank you, Your Honor Mr. McGrath Just a couple of brief comments, Your Honor I do think if you read the final sentencing transcript That you will see evidence that the trial judge Initially, he picks an offense level of 26, the drugs And he is persuaded to go to 24 I think if you read the transcript You will see that the choosing of an offense level of 26 Is significantly impacted by what he learned from Mr. Baker's proffer I do think that there's evidence in the conversations Both in chambers and in court That the trial judge is improperly using the proffer, Mr. Baker And that relief should be granted for that reason I also ask the court to consider What an approach like this trial judge takes How it impacts resolving cases This is a situation where the United States attorney Who handled the case Explained to the trial judge that They felt that 100 to 200 grams was the appropriate amount Because that's what they could prove in a trial And when a defense attorney and the United States attorney Negotiate these plea agreements There should be I may not be talking legally here, but more philosophically There should be some expectation that what we're doing Has some important impact on the court Isn't the remedy there to enter into a binding plea agreement? That's not something that's favored in our district We end up with very few of those kinds of pleas And why is that? The judges told you they won't accept them? Or that you just think they're unhappy? I have been told in my dealings with the United States attorneys That generally speaking, and I've had a few resolved that way But generally speaking, judges don't like them And I think they view that their sentencing prerogative is taken away So it's not a common way to resolve cases in the Northern District of Ohio Well, I'm sympathetic to that Because I was a trial judge in a district where one judge felt exactly that And he would announce to all the lawyers that that was a policy of our district When it wasn't And all the other judges would accept a binding plea agreement But that created confusion and misunderstanding For the whole 13 years I was a trial judge My suspicion is that the Northern District of Ohio Is headquartered in Cleveland And the Cuyahoga County Common Pleas Court Where a lot of people do a lot of their work Doesn't resolve cases that way either And I just think it's the tradition in our part of the world That they're not resolved that way I did inquire about that If you read the transcript of the in-chambers conversation I did inquire of the judge at that point If he would accept a binding plea agreement But I think the judge made it clear That he wasn't going to accept a binding plea agreement Based on the original plea agreement numbers Like 100 to 200 grams But that was kind of trying to, again, unring the bell I was trying to help my client, your honor Most binding plea agreements come to the court And the court doesn't know anything more Than what's in the plea agreement and the pre-sentence report And if it seems reasonable, you accept it Right All right, anything further? No, thank you Judge Batchelder, anything further? No, thank you All right, Mr. McGraw We see that you are appointed under the Civil Justice Act You've raised some really interesting questions here You've done a good job for your client So we appreciate your service to your client And to the court in this case Thank you Thank you, your honor The court will take this case under consideration And you may adjourn the court This honorable court is now adjourned